### WALTER et al. v. MEADER.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. MUNICIPAL CORPORATIONS—CHIEF OF FIRE DEPARTMENT—FAILURE TO ATTEND FIRE—NEGLIGENCE—EVIDENCE.

  In an action by the owners of a house which was destroyed by fire against the chief of a fire department for damages sustained from defendant's alleged negligence in failing to have the fire department present at the fire, there was evidence that there was a well near the house, but no bucket, chain, or rope; that there was a creek about 200 feet away, but no pails or buckets to carry water ·in. It did not appear that there were any water mains or other water supply in the vicinity, adapted to the use of the apparatus of the fire department; and there was evidence negativing presumptions of negligence and of defendant's ability to extinguish the fire, even if he had been present. *Held*, that the evidence was insufficient to show any actionable neglect on defendant's part.

2. EVIDENCE—DEFENDANT'S ANSWER—INTRODUCTION BY PLAINTIFF—EFFECT.

  Where plaintiff introduces as a part of his evidence defendant's verified answer, all statements of facts therein not controverted or disputed by other evidence must be taken to be true.

Appeal from trial term, Madison county.

Action by Julia A. Walter and another against Laurel E. Meader. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

The allegations of the complaint are, in substance, that plaintiffs were the owners of a house in the village of Oneida worth $700; that in April, 1897, it was destroyed by fire; that the village of Oneida was incorporated as such by chapter 620 of the Laws of 1894, and was empowered to main-

·tain a fire·department; that defendant was chief engineer of such depart-
ment at the time of such fire; that through lack of diligence the said engi-
neer failed to be present at the fire which destroyed plaintiff's house, and
failed to have members of said fire department present, and because of such
negligence the fire consumed the building, and defendant is therefore liable
to plaintiffs for its value.

Argued before PARKER, P. J., and SMITH, KELLOGG,
CHASE, and FURSMAN, JJ.

Senn & Durham, for appellants.
T. A. Devereaux, for respondent.

KELLOGG, J.   I think it is unnecessary in this case to determine
whether defendant owed to plaintiffs a duty which the village of ·
Oneida did not owe in respect to the maintenance of an efficient fire
department, water supply, and apparatus for the extinguishing of
fires.   If it were conceded that defendant was not merely a servant of
the municipality, but was a public officer charged with a duty towards
the owners of property in the village, and as such liable to each owner
in an action for negligence in the discharge of that duty, still the
proofs in this case fall far short of establishing any actionable neglect,
or damage resulting from such neglect.   The plaintiff failed to prove
any facts which would authorize a jury to conclude that, had the de-
fendant used the utmost diligence, and arrived, with such apparatus
as the village had provided, at the scene of the fire, within a reason-
able time after notice, his presence with such fire apparatus would
have been of any avail.   It was not proven that there were any hy-
drants or water mains in that vicinity, or any water supply which the
fire apparatus was adapted to use.   It was proven that there was
near this house a well of water, but no bucket or chain or rope; that
there was a creek, with water in it, some 200 feet away, but no pails
or buckets to carry the water in.   It is not to be presumed that pails
and buckets are the usual apparatus of a fire department, or that de-
fendant was in possession of any such crude means of extinguishing
fires.   The case is left without facts upon which an intelligent judg-
ment could have been formed as to possibility or probability of sav-
ing any portion of the house, had the engineer reached the scene of
the fire within a reasonable time after notice.   As a part of plaintiffs'
proof, the learned attorney for plaintiffs introduced in evidence the
verified answer of the defendant.   This answer contains many state-
ments of facts which are not controverted or disputed by any other
testimony in the case, and, being offered by plaintiffs as proof to es-
tablish their case, must be taken as true, when not otherwise contro-
verted.   These established facts negative all presumptions of negli-
gence, and all presumptions of ability to extinguish the fire had the
engineer used all diligence possible in reaching the scene of the fire.

The judgment should be affirmed, with costs.   All concur.